**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>

**BRAHEEM HARTLEY**

*Plaintiff,*

v.

**DELAWARE COUNTY et al.,**

*Defendants.*

</td><td>

**Case No. 2:25-cv-03078-JDW**

</td></tr>
</table>

**MEMORANDUM**

When a party appeals a district court's final judgment, the district court has only a limited remaining role. I dismissed Braheem Hartley's claims for lack of subject-matter jurisdiction because federal courts do not sit in review of state court judgments, and Mr. Hartley has appealed that ruling to the Third Circuit. He now asks me to halt the final steps of a tax sale that the Pennsylvania Court of Common Pleas confirmed while his appeal proceeds. Although he styles his filing as a Motion for a temporary restraining order, the request is, in substance, one for a stay pending appeal. Because Mr. Hartley has not carried the heavy burden required for that extraordinary remedy, I will deny his Motion.

**I.    BACKGROUND**

Mr. Hartley challenged an upset tax sale of his property in the Pennsylvania Court of Common Pleas. The state court denied his Petition To Set Aside the Sale and concluded

that the Tax Claim Bureau complied with the Pennsylvania Real Estate Tax Sale Law. Mr. Hartley did not appeal that ruling.

Mr. Hartley then filed this federal action asserting constitutional and state-law claims arising from the sale. I dismissed the case for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine because the injury he alleged flowed from the state court judgment and the relief he sought would have required me to nullify that judgment. I later denied Mr. Hartley's motion for reconsideration.

Mr. Hartley appealed. After receiving notice that the Bureau intends to record the deed and distribute the sale proceeds, Mr. Hartley filed this motion seeking an emergency temporary restraining order. Although styled as a motion for a temporary restraining order under Federal Rule of Civil Procedure 65, Mr. Hartley seeks relief after I entered final judgment and while his appeal is pending before the United States Court of Appeals for the Third Circuit. Rule 65 governs pre-judgment injunctive relief designed to preserve the status quo until the merits are resolved. Because I have dismissed this action for lack of subject-matter jurisdiction and entered judgment, Rule 65 does not apply. Construing Mr. Hartley's filing liberally in light of his *pro se* status, I treat the motion as one for a stay pending appeal under Federal Rule of Civil Procedure 62.[1]

---

[1] Mr. Hartley's Reply Brief applies the legal standard governing a stay pending appeal and argues the same four-factor test articulated in *In re Revel AC, Inc.* His own briefing therefore reflects that the relief he seeks is really a motion for stay pending appeal.

## II.   LEGAL STANDARD

Federal Rule Of Civil Procedure 62 provides that when an "appeal is pending from [a] final figment that … refuses … an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bod or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Because Mr. Hartley's claim sought "equitable relief in the form of an order reversing the order that denied plaintiff relief to set aside tax sale" (ECF No. 7 at 19), the rule applies to the final judgment that I entered in this case. A stay pending appeal "is an extraordinary remedy" that requires meeting "a very heavy burden." *See United States v. Cianfrani,* 573 F.2d 835, 846 (3d Cir.1978); *F.T.C. v. Equitable Res., Inc.,* 2007 WL 1500046, at *1 (W.D. Pa. May 21, 2007). When determining whether to grant a stay, a court must balance four factors: (1) whether the movant has made a strong showing of likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent a stay, (3) whether a stay would substantially harm other parties, and (4) the public interest. *In re Revel AC, Inc.,* 802 F.3d 558, 568 (3d Cir. 2015) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). The first two factors—likelihood of success and irreparable harm—are the most critical, and courts recognize the first factor as the more important piece of analysis. *Id.; Nken v. Holder,* 556 U.S. 418, 434 (2009).

## III.   ANALYSIS

Mr. Hartley has not carried the heavy burden required for a stay. *First,* Mr. Hartley has not made a strong showing of likelihood of success on appeal. I dismissed this action

for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine because the injury Mr. Hartley alleged stemmed from the state court's judgment upholding the tax sale, and the relief he seeks would require me to reach a conclusion inconsistent with that judgment. I later denied reconsideration after Mr. Hartley reasserted that his claims challenge executive or administrative conduct rather than the state court decision itself. His present motion and reply repeat those same arguments. At this stage, Mr. Hartley has not demonstrated that the Court of Appeals is likely to conclude that this Court possessed jurisdiction notwithstanding the state court judgment. This factor weighs strongly against a stay.

*Second*, Mr. Hartley has not demonstrated irreparable injury sufficient to justify extraordinary relief. The property was sold in September 2024, and the Court of Common Pleas denied his challenge in June 2025. The recording of the deed and distribution of proceeds are consequences of the completed and confirmed sale. To the extent Mr. Hartley contends that loss of ownership constitutes irreparable harm, that loss flows from the state court judgment, not from any action taken in this Court. Moreover, if Mr. Hartley were to prevail on appeal, the Court of Appeals could remand the case for me to determine the appropriate remedy, including monetary relief. The possibility of financial compensation stemming from the proceeds of the sale weighs heavily against a finding of irreparable harm. And in any event, a stay "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Virginian R. Co. v. United States*, 272 U.S.

658, 672 (1926). Mr. Hartley has therefore not shown the type of imminent and irreparable injury that would justify the extraordinary remedy he seeks.

Because Mr. Hartley has failed to satisfy the two most critical factors, I must deny his Motion. Even if I were to consider the remaining factors, they would not alter the result. Further delay would affect the purchaser, Merrick Neumann, who paid $220,000 at the upset tax sale on September 19, 2024, and whose funds the Bureau has held pending finalization of the transfer. Continued delay would also postpone the statutory distribution of the sale proceeds, including any surplus to which Mr. Hartley may be entitled.

The public interest also weighs against a stay. Pennsylvania's Real Estate Tax Sale Law requires the Bureau to transfer title after confirmation of sale and to distribute the proceeds to taxing authorities and, if any remain, to the former owner. Allowing the process to conclude serves the orderly administration of Pennsylvania's tax laws. More broadly, the public has a strong interest in the finality of state court judgments and in the stability and reliability of real property titles. Suspending the completion of a tax sale that has been confirmed after full state-court proceedings, and for which no direct appeal was taken, would undermine those interests. This factor therefore weighs against granting a stay.

## IV.    CONCLUSION

Mr. Hartley has not carried his heavy burden to justify the extraordinary remedy of a stay pending appeal. I will therefore deny his Emergency Motion For Temporary Restraining Order, construed as a motion for stay pending appeal. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 26, 2026